UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH REDKEY, | ) |
| Petitioner, | ) |
| vs. | ) No. 1:17-cv-01140-WTL-MJD |
| SUPERINTENDENT New Castle Correctional Facility, | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Kenneth Redkey for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. NCF 17-01-0018. For the reasons explained in this Entry, Mr. Redkey's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On December 31, 2016, Sergeant D. Anderson wrote a Report of Conduct in case NCF 17-01-0018, charging Redkey with offense B-202, possession of a controlled substance. The conduct report states:

> On the above date [and] approx[.] time I, Sgt Anderson, assisted Sgt Patton in searching I-4 Quiet Room Bunk 301. Upon searching Off Redkey's persons [*sic*] I found a sewn pocket on the inside of his black cotton shorts. Upon removing the sewn pocket I did find 1 (one) plastic baggie containing a green leafy substance. Off Redkey then informed me it was marijuana. The Off. was placed in RHU pending CAB/testing. The green leafy substance weighed 6 grams. He was informed of this conduct report.

The green leafy substance found on Redkey was placed into evidence and photographs were taken of the substance and drug test results. The pictures showed the green leafy substance weighted about six grams. A drug field test showed the green leafy substance was marijuana.

A camera view recording captured Sergeant Anderson and Sergeant Patton entering the I-4 unit on December 31, 2016.

On January 4, 2017, Redkey was notified of the charge of possession of a controlled substance and served with a copy of the conduct report, and a copy of the Notice of Disciplinary Hearing "Screening Report." Redkey was notified of his rights, pleaded guilty, elected not to have a lay advocate, and elected not to call witnesses or request physical evidence.

Even though Redkey pleaded guilty at the time of his screening, on January 5, 2017, the Disciplinary Hearing Officer (DHO), K. Glen, held a disciplinary hearing in case NCF 17-01-0018. Also, despite Redkey electing not to have a lay advocate at screening, a lay advocate was later appointed at his disciplinary hearing.

At the hearing, Redkey pleaded not guilty and provided the following statement: "I am not guilty. I had grey cotton shorts and not black shorts on when taken to RHU. I did not speak to Sgt Anderson until I was in the walk." Relying on the conduct report, Redkey's statement, photographic evidence of the controlled substance and the drug field test results, and the review of the camera video recording, the DHO found Redkey guilty of possession of a controlled substance. For security reasons, the DHO did not review the camera video recording in Redkey's presence, but provided a summary of the review. The summary states:

> I reviewed I-4 stairs camera, and at approximately 0844 (camera time off by 3 hours, camera time showed 0544) I witnessed Sgts. Patton and Anderson enter I-4 and go directly to the quiet room. Time is approximate due to camera times being off.

The DHO imposed the following sanctions: 15 days' lost phone and commissary privileges, 30 days' lost good-time credit, and a demotion from credit class I to credit class II.

Redkey appealed the disciplinary action to Respondent on January 5, 2017. Respondent denied the appeal on January 25, 2017. Redkey's appeal to the final reviewing authority for the Indiana Department of Correction (INDOC) was denied on February 7, 2017.

### C. Analysis

Redkey challenges the disciplinary action against him arguing that the video evidence was different from the account written in the conduct report; the evidence was not properly logged; and that the evidence testing is inadmissible. Each of these arguments is a challenge to the sufficiency of the evidence.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th

Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Redkey was charged with and found guilty of offense B-202, possession of a controlled substance. Offense B-202 prohibits the "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana…." Adult Disciplinary Process Appendix I: Offenses at 3 (June 1, 2015), available at www.in.gov/idoc/3265.htm. Accordingly, to find a prisoner guilty for possession of a controlled substance, there must be "some evidence" that the prisoner (1) possessed (2) a controlled substance and (3) such possession was unauthorized. In finding Redkey guilty of possession of a controlled substance, the hearing officer relied on the staff reports, Redkey's statement, the photos, and the camera review. The Conduct Report stated that Sergeant Anderson found a green leafy substance on Redkey, which was hidden in a false pocket sewn into Redkey's shorts, and that Redkey informed him that it was marijuana. A field test later confirmed that the substance was marijuana.

Redkey claims that the video evidence contradicted some of Sergeant Anderson and Sergeant Patton's statements. Specifically, he states that the time recorded on the video differed from the time when Sergeant Anderson indicated the incident occurred and the time Sergeant Patton logged the evidence. In addition, he claims that the record states that the evidence was

logged at 8:40, but Sergeant Patton did not enter the unit until 8:44. He also asserts that the video shows him wearing gray shorts, not black as Sergeant Anderson indicated. Redkey asserts that the conflicting evidence also calls into question Sergeant Anderson's credibility.

The respondent contends that the inconsistencies identified by Redkey are irrelevant. According to the respondent, camera view and recording time stamps are not synchronized with the actual time and regardless of the time on the video, the video shows Sergeants Anderson and Patton entering the I-4 unit. In addition, the time disparity between the time the officers entered the unit is small and irrelevant to the issue of whether the marijuana was found on Redkey. Next, regardless of the color of Redkey's shorts, he does not dispute that the marijuana was found in a false pocket sewn into his shorts. Finally, Redkey's conclusory statement that the field testing of the substance was unreliable is not enough to challenge the test.

Here, there is "some evidence" to support Redkey's disciplinary conviction. This includes the conduct report, which stated that the substance was found in Redkey's shorts, and the field test. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (The Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision."). His challenge based on discrepancies in the time stamps on the videos and the time the substance was logged does not undermine the evidence that he possessed marijuana. In addition, he argued at his hearing that he had on gray, not black, shorts and this statement was considered by the hearing officer. His presentation of this argument here is a request that the Court reweigh the evidence, which it cannot do. *See Id.* Finally, Redkey's unsupported challenge to the field testing is not enough to show that it is unreliable. *See Manley v. Butts*, --- Fed. Appx. ----, 2017 WL 5054245, *2 (7th Cir. 2017) ("Without a specific reason to doubt the field test—and no reason was suggested by

Manley—the hearing officer could rely on the results of the field test."). Because there was "some evidence" to support his conviction, Redkey has not shown that his due process rights were violated.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Redkey to the relief he seeks. Accordingly, Mr. Redkey's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 11/17/17

Distribution:

KENNETH REDKEY
194652
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Electronically registered counsel